IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| ORLANDO ISIAH BROWN | § | |
| VS. | § | CIVIL ACTION NO. 5:21cv94 |
| WARDEN S. SALMONSON | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Orlando Isiah Brown, an inmate confined in the Federal Correctional Complex in Texarkana, Texas, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is the respondent's motion to dismiss (ECF No. 11). The Respondent asserts that the petition is barred by limitations. This report considers such motion.

Discussion

On February 14, 2019, in the United States District Court for the Eastern District of Texas, Sherman Division, following a plea of guilty to two counts of the four-count Indictment against him, petitioner was convicted of a violation of 18 U.S.C. § 1951 for Conspiracy to Interfere with Interstate Commerce by Robbery, Aiding and Abetting and a violation of 18 U.S.C. § 924(c) for Use, Carry, Brandish, Discharge, and Possession of Firearms During, in Relation to, and in Furtherance of a Crime of Violence. *See United States v. Brown*, Criminal Action No. 4:18cr31-2 (E.D. Tex. 2019). Petitioner was sentenced to a total term of 190 months' imprisonment. *Id.*

Petitioner brings this petition for writ of habeas corpus seeking relief under the Supreme Court ruling on June 24, 2019 in *United States v. Davis*, ___ U.S. ___, 139 S.Ct. 2319, 2336, 204 L.Ed.2d 757 (2019). In *Davis*, the Court held that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague, and the Fifth Circuit has since determined that *Davis* applies retroactively on collateral review of an initial § 2255 motion. *See United States v. Reece*, 938 F.3d 630, 634-35 (5th Cir. 2019).

Analysis

Petitioner is not challenging the manner in which his sentence is being executed. Instead, he attacks the legality of his conviction and sentence. Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Relief under this section is warranted for errors that occurred at trial or sentencing. *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Section 2241 is correctly used to attack the manner in which a sentence is executed. *Tolliver*, 211 F.3d at 877. A petition filed under § 2241 which attacks errors that occurred at trial or sentencing is properly construed as a § 2255 motion. *Id.* at 877-78. However, there is one exception to this general rule. A prisoner may use Section 2241 as the vehicle for attacking the conviction if it appears that the remedy by motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

As set forth above, § 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Relief under § 2255 is warranted for errors that occurred at trial or sentencing. *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on four separate grounds: The sentence was imposed in violation of the constitution or laws of the United States; the court was without jurisdiction to impose the sentence; the sentence exceeds the statutory maximum sentence; and the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *see United States v. Cates*, 952 F.2d 149, 151 (5th Cir.), cert. denied, 112 S.Ct. 2319 (1992).

As petitioner attacks the legality of his conviction and sentence, his petition should be construed as a motion to vacate, set aside or correct sentence. Petitioner's claim, however, is barred by the applicable one-year statute of limitations.

Title 28 U.S.C. § 2255(f), provides in pertinent part the following:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the fact supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner was convicted and sentenced on February 14, 2019. A criminal judgment becomes final when the applicable period for seeking direct appellate review has expired. *See Clay v. United States*, 537 U.S. 522, 525, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000). Petitioner did not pursue a direct appeal of his conviction or sentence. "[W]hen a federal prisoner fails to file a notice of appeal from his conviction (in other words, when he fails to pursue the direct appeal process), the conviction becomes final for purposes of a § 2255 upon the expiration of the 10-day period for filing a direct appeal." *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).[1] Accordingly, petitioner's conviction became final on February 28, 2019. Thus, petitioner's motion to vacate was due on or before February 28, 2020.

Petitioner brings this motion to vacate seeking relief under the recent Supreme Court ruling in *United States v. Davis*, ___ U.S. ___, 139 S.Ct. 2319, 204 L.Ed.2d 757 (2019). In *Davis*, the Court held that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague, and the Fifth Circuit has since determined that *Davis* applies retroactively on collateral review of an initial § 2255 motion. *See United States v. Reece*, 938 F.3d 630, 634-35 (5th Cir. 2019). *Davis* was decided on June 24, 2019. Therefore, any motion to vacate based on *Davis* was due on or before June 24, 2020, the one year anniversary of the decision. *See Dodd v. United States,* 545 U.S. 353, 357-358 (2005). Petitioner, however, did not file the above-styled petition until July 29, 2021, more than one year after the

---

[1] An amended version of Federal Rules of Appellate Procedure Rule 4(b)(1)(A) became effective on December 1, 2009. The 2009 amendment extended the time allowed for filing a notice of appeal in a criminal case from 10 days to 14 days.

expiration of the limitations period. Accordingly, if construed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, the petition is barred by limitations.

Petitioner argues that § 2255 is inadequate or ineffective and he should be allowed to proceed under the relevant savings clause. The United States Court of Appeals for the Fifth Circuit has set forth the factors that must be satisfied for a petitioner to file a § 2241 petition in connection with the savings clause in § 2255. *See Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001). In *Reyes-Requena*, the Fifth Circuit held that "the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id*. at 904. A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is not a substitute for a motion to vacate sentence pursuant to 28 U.S.C. § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner. *Jeffers v. Chandler*, 253 F.3d 827 (5th Cir. 2001).

In this case, petitioner's conviction became final on February 28, 2019. Thus, he had until February 28, 2020 to file a motion to vacate, set aside or correct sentence. Since *Davis* was decided and made retroactive during 2019, petitioner's claim based on *Davis* was not foreclosed at the time he could have filed a first § 2255 motion. Therefore, petitioner fails to satisfy the second prong of the savings clause.

Further, petitioner's assertion that he was unable to file a § 2255 motion because he was unaware of his right to do so is insufficient to toll limitations. Neither proceeding *pro se*, having limited access to a law library, nor lacking knowledge of filing deadlines can serve as a basis for equitable tolling as they are not a "rare and exceptional" circumstance of prison life. *See Felder v. Johnson*, 204 F.3d 168, 170 (5th Cir. 2000). A *pro se* prisoner's ignorance of the law of habeas corpus is likewise insufficient to invoke equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Therefore, petitioner has failed to show why relief pursuant to 28 U.S.C. § 2255 is

either inadequate or ineffective to satisfy the savings clause. Further, petitioner is not entitled to equitable tolling. Accordingly, the respondent's motion to dismiss should be granted, and the above-styled petition should be dismissed.

## Recommendation

The respondent's motion to dismiss should be granted. The above-styled petition for writ of habeas corpus should be dismissed.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**SIGNED this 10th day of May, 2022.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE